# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Tonya Owens, et al.,<br><br>    Plaintiffs<br>v.<br><br>MGM Resorts International, et al.,<br><br>    Defendants | Case No. 2:23-cv-01480-RFB-MDC |
| Saul Lassoff and Shirley Lassoff,<br><br>    Plaintiffs<br>v.<br><br>MGM Resorts International,<br><br>    Defendant | Case No. 2:24-cv-00995-GMN-EJY<br><br>[ECF No. 54] |
| Mari Cartagenova, et al.,<br><br>    Plaintiffs<br>v.<br><br>MGM Resorts International,<br><br>    Defendant | Case No. 2:24-cv-00999-JAD-DJA<br><br>[ECF No. 10] |

### Order Granting Motion to Consolidate Related Cases

After MGM Resorts International fell victim to a data breach that exposed the personally identifiable information of a significant number of people enrolled in MGM's loyalty program, several plaintiffs sued the company, alleging that it was negligent in handling its members' personal information.  As of March 22, 2024, 14 such cases were consolidated into the earliest filed case before Judge Richard F. Boulware, II (the 23-cv-01480 case).[1]  In May of this year,

---

[1] ECF No. 32 in *Owens v. MGM Resorts Int'l*, 2:23-cv-01480-RFB-MDC.

1  more plaintiffs filed suit alleging similar negligence claims—those claims are proceeding in two

2  separate cases, one on behalf of a class led by plaintiff Mari Cartagenova[2] and the other pursued

3  by plaintiffs Saul and Shirley Lassoff.[3]  MGM moves to consolidate these new cases into the 23-

4  cv-01480 case.[4]

5         Federal Rule of Civil Procedure 42(a) governs the consolidation of separate actions.

6  When two cases "involve a common question of law or fact," district courts may join them for

7  any or all matters at issue, consolidate the suits, or issue any other order that would prevent

8  unnecessary cost or delay.[5]  The threshold question is whether the cases involve common

9  questions of law or fact.[6]  If common questions exist, the court must balance the savings of time

10  and effort that consolidation will yield against any inconvenience, delay, confusion, or prejudice

11  that may result.[7]  "District courts enjoy substantial discretion in deciding whether and to what

12  extent to consolidate cases."[8]

13

14

---

15  [2] ECF No. 1 in *Cartegenova v. MGM Resorts Int'l*, 2:24-cv-00999-JAD-DJA.  The plaintiffs in the *Cartegenova* case do not oppose consolidation.

16  [3] ECF No. 22 in *Lassoff v. MGM Resorts Int'l*, 2:24-cv-00995-GMN-EJY.  The Lassoffs are litigating their case pro se.  MGM notes in its motion that the Lassoffs oppose consolidation, but
17  they did not file a response with points and authorities explaining why they oppose.  Under this district's Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in
18  response to any motion . . . constitutes a consent to the granting of the motion."  The court considers the Lassoffs' failure to file an opposition as consent to granting the consolidation
19  motion.

20  [4] ECF No. 10 in *Cartegenova v. MGM Resorts Int'l*, 2:24-cv-00999-JAD-DJA; ECF No. 54 in *Lassoff v. MGM Resorts Int'l*, 2:24-cv-00995-GMN-EJY.

21  [5] Fed. R. Civ. P. 42(a).

  [6] *Id.*

22  [7] *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

23  [8] *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

MGM has demonstrated that these cases involve common questions of law and fact. Each case stems from MGM's alleged failures to adequately safeguard the personally identifiable information of its loyalty members during the 2023 cyberattack and data breach and involve similar causes of action. The undersigned judges assigned to these cases thus find that consolidation of these additional actions is appropriate under Federal Rule of Civil Procedure 42(a)(2) and Local Rule 42-1(b).

IT IS THEREFORE ORDERED that **MGM's motion for consolidation [ECF No. 54 in Case No. 2:24-cv-00995-GMN-EJY; ECF No. 10 in Case No. 2:24-cv-00999-JAD-DJA] is GRANTED. These actions are consolidated for all purposes under Case No. 2:23-cv-01480-RFB-MDC**, and before District Judge Richard F. Boulware, II and Magistrate Judge Maximiliano D. Couvillier, III. The parties are directed to make all future filings in Case No. 2:23-cv-01480-RFB-MDC.

Dated this 13th day of August, 2024.

_____
U.S. District Judge Richard F. Boulware, II

_____
U.S. District Judge Gloria M. Navarro

_____
U.S. District Judge Jennifer A. Dorsey