1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

6   TANYA OWENS, *et al.*,

7       Plaintiffs,

8    v.

9   MGM RESORTS INTERNATIONAL, *et al.*,

10      Defendants.

11

12

13

Master File No. 2:23-cv-01480-RFB-MDC

(Consolidated for pretrial proceedings with Case Nos. 2:23-cv-1481, 2:23-cv1537, 2:23-cv-1549, 2:23-cv-1550, 2:23-cv1577, 2:23-cv-1698, 2:23-cv-1719, 2:23-cv1777, 2:23-cv-1826, 2:23-cv-1981, 2:23-cv2042, 2:23-cv-2064, 2:24-cv-81, 2:24-cv-00995, 2:24-cv-00999)

**ORDER**

14   **I.    INTRODUCTION**

15       Before the Court is All Plaintiff's Motion for Appointment as Interim Class Counsel (ECF

16   No. 42) and Plaintiff Charles Bezak's Motion (ECF No. 43) to Appoint Patrick D. Donathen to the

17   Plaintiff's Steering Committee. For the reasons stated below, the Court grants the Motion for

18   Appointment as Interim Class Counsel and grants the Motion to Appoint Mr. Donathen to the

19   Plaintiff's Steering Committee.

20   **II.    PROCEDURAL BACKGROUND**

21       This is a consolidated putative class action arising from MGM's alleged failures to

22   adequately safeguard the personally identifiable information 'PII' of its customers, and the

23   cyberattack and data breach to MGM systems in September 2023. On September 21, 2023,

24   Plaintiff Tonya Owens filed the first putative class action against MGM alleging negligence,

25   negligence per se, breach of an implied contract, and unjust enrichment. Since that time, sixteen

26   additional cases have been filed against MGM related to the 2023 data security incident and are

27   pending in the District of Nevada. On March 22, 2024, pursuant to Federal Rule of Civil Procedure

28   42(a), the Court consolidated sixteen related actions under the lead case, <u>Owens v. MGM Resorts</u>

Int'l, No. 2:23-cv-01480- RFB-MDC. According to the Court's scheduling order, all applications for appointment as interim class counsel or other designated counsel were due on or before April 19, 2024, with responses due by May 3, 2024. On April 19, 2024, the Consolidated Plaintiffs filed the instant motion for appointment of interim class counsel. The Consolidated Plaintiffs move for an Order pursuant to Federal Rule of Civil Procedure 23(g)(3) appointing (1) J. Gerard Stranch IV, James J. Pizzirusso, and Lynn A. Toops as Interim Class Counsel, the (2) appointment of a Plaintiffs' Steering Committee consisting of Mariya Weekes, Jeff Ostrow, Marc Dann, Rachele R. Byrd, Tom Loeser, Maureen M. Brady, Charles E. Schaffer and James Cecchi, and (3) appointment of Nathan R. Ring as Liaison Counsel. The motion is unopposed by any Plaintiff. That same day, one of the Consolidated Plaintiffs, Charles Bezak, filed a motion to appoint Mr. Donathen of Lynch Carpenter, LLP to the Plaintiff's Steering Committee.

MGM filed its response to both motions on May 3, 2024. ECF No. 45. In their response, MGM takes no position on the appointment of Stranch, Pizzirusso, and Toops to Interim Class Counsel. MGM also takes no position on the appointment of Nathan R. Ring as liaison counsel. However, MGM opposes Plaintiff's request to appoint a steering committee.

On August 6, 2024, the Court entered an Order that consolidated two additional cases, alleging similar negligence claims against MGM. ECF No. 52. This Order follows.

### III.    LEGAL STANDARD

Rule 23(g)(3) provides that courts "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Although appointment of interim class counsel is not required, this rule "authorizes the court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." Fed R. Civ. P. 23 advisory committee's note to 2003 amendment. This typically occurs in cases where "a large number of putative class actions have been consolidated or otherwise are pending in a single court." In re Nest Labs Litig., No. 14-cv-01363-BLF, 2014 U.S. Dist. LEXIS 115596, at *1 (C.D. Cal. Aug. 18, 2014). "If there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment" and

"designation of interim counsel clarifies responsibility[.]" Manual for Complex Litigation (Fourth) § 21.11 (2004).

"While neither Rule 23(g) nor the Advisory Committee note clearly indicate whether the factors outlined in subsection 23(g)(1) apply to a court's appointment of interim counsel, courts have held that these requirements do apply and have accordingly employed them in appointing interim counsel." § 3:85. Procedures governing appointment of class counsel under Rule 23(g)— Appointment of interim counsel, 1 Newberg and Rubenstein on Class Actions § 3:85 (6th ed.). Under rule 23(g)(1)(A) court considers the following factors in selecting interim class counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Rule 23(g)(1)(B) provides that a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[,]" such as efficiency and economy. See Manual for Complex Litigation § 10.221.

## IV.    DISCUSSION

### A.  Interim Class Counsel

The Court finds that appointment of interim class counsel is appropriate. The consolidated action involves sixteen cases which have all been consolidated into one action. In light of the two newly consolidated cases, it is likely that there may be other pending actions in other district courts that are transferred or new actions that are filed and consolidated in the future as well. The appointment of interim counsel will clarify responsibility and coordination of important pre-certification matters, including preparing the motion for certification, conducting discovery, and participating in settlement negotiations.

The Court also agrees with the appointment of Stranch, Pizzirusso, and Toops as interim class counsel. The Court finds that all four factors are satisfied as to the proposed interim class counsel. Mr. Stranch was one of the authors of the first Complaint related to the 2023 data breach, which involved preliminary investigation and evaluation. All proposed counsel have played a significant role in coordinating on consolidation and conversations regarding leadership in these

- 3 -

matters. All three interim class counsel have extensive experience in handling class action litigation and have been appointed by courts to leadership positions in numerous class action matters. They also have significant knowledge of the specific applicable law in light of their experience in data breach and privacy matters. The Court finds that Stranch, Pizzirusso, and Toops can fairly and adequately perform the role of interim class counsel for the putative class and therefore grants the Consolidated Plaintiff's Motion as it relates to interim class counsel.

### B. Liaison Counsel

The Court concludes that the appointment of Nathan R. Ring as Liaison Counsel is appropriate. A court, in its discretion, may appoint liaison counsel to assist interim lead counsel with administrative matters "such as communications between the court and other counsel . . . convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions." 10.221. Organizational Structures, Ann. Manual Complex Lit. § 10.221 (4th ed.). Based on the Consolidated Plaintiff's submissions, the Court finds that Mr. Ring is qualified and well suited to serve as interim liaison counsel alongside interim class counsel. Mr. Ring is *of counsel* at the same firm as Mr. Stranch, Stranch, Jennings & Garvey, PLLC ("SJ&G"), and has a close working relationship with all interim co-lead counsel. Mr. Ring also maintains an officer locally in Las Vegas, Nevada.

### C. Steering Committee

Lastly, the Consolidated Plaintiffs seek appointment of a Plaintiffs' Steering Committee, consisting of seven attorneys. Plaintiff Bezak has submitted a separate motion which specifically seeks appointment of Mr. Donathen to that Steering Committee. Defendant MGM opposes the appointment of a steering committee, arguing that a committee is neither necessary nor beneficial to the interests of the class in this case.

"Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." 10.221. Organizational Structures, Ann. Manual Complex Lit. § 10.221 (4th ed.). However, "[c]ommittees of counsel can sometimes lead to substantially increased costs, and they should try to avoid unnecessary duplication of efforts and control fees and expenses." Id.

The Court finds that Consolidated Plaintiff's proposed appointment of a steering committee will provide support to interim co-counsel, maximize efficiency of the litigation, and supply added diversity in leadership. Although there is a substantial overlap of legal issues and proposed classes, there remain important distinctions among the sixteen consolidated actions involving plaintiffs from numerous states and millions of potential class members. Additional representation in decision making through the Plaintiff's Steering Committee would be beneficial to the class as a whole, especially now as the Plaintiffs prepare the consolidated complaint and seek certification. The proposed members each have extensive experience in class action and multidistrict litigation, and the majority of the proposed members have specific experience with data and privacy litigation.

The Court declines to grant Plaintiff Bezak's individual motion to appoint Mr. Donathen to the steering committee. As Plaintiff Bezak acknowledges, Mr. Donathen is a young attorney with only three years of litigation experience, and therefore does not satisfy the second factor under Rule 23(g)(1)(A)(ii)—the counsel's experience in handling class actions. The Court acknowledges the importance of creating leadership opportunities for less experienced counsel but does not find that the appointment of an additional less-experienced committee member to an already seven-person committee is either necessary or beneficial to the class, particularly where Plaintiff's separately filed motion does not reflect the type of private ordering among the Consolidated Plaintiffs that the Court seeks to encourage. This motion is denied without prejudice.

## V.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of interim counsel (ECF No. 42) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff Bezak's motion for appointment of Mr. Donathen (ECF No. 43) to the steering committee is DENIED without prejudice.

**DATED:** October 21, 2024

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**