John A. Yanchunis
(Admitted Pro Hac Vice)
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: 813-223-5505
jyanchunis@forthepeople.com

David M. Berger
(Admitted Pro Hac Vice)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Tel.: 510-350-9700
dmb@classlawgroup.com

J. Gerard Stranch IV
(Admitted Pro Hac Vice)
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Tel: 615-254-8801
gstranch@stranchlaw.com

James J. Pizzirusso
(Admitted Pro Hac Vice)
**HAUSFELD LLP**
888 16th Street, Ste 300
Washington, DC 20006
Tel: 202-540-7200
jpizzirusso@hausfeld.com

Douglas J. McNamara
(Admitted Pro Hac Vice)
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
1100 New York Ave
5th Floor Washington, DC 20005
Tel.: 202-408-4600
dmcnamara@cohenmilstein.com

E. Michelle Drake
(Admitted Pro Hac Vice)
**BERGER MONTAGUE PC**
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel.: 612-594-5999
emdrake@bm.net

Lynn Toops
(Admitted Pro Hac Vice)
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel: 317-636-6481
ltoops@cohenandmalad.com

Jeff Ostrow
(Admitted Pro Hac Vice)
**KOPELOWITZ OSTROW, P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: 954-525-4100
ostrow@kolawyers.com

Gary Klinger
(Admitted Pro Hac Vice)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: 866.252.0878
gklinger@milberg.com

*Class Counsel*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE MGM INTERNATIONAL RESORTS DATA BREACH LITIGAITON<br><br>This Document Relates To: All actions. | Case No.: 2:20-cv-00376-GMN |

1

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TANYA OWENS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MGM RESORTS INTERNATIONAL<br><br>Defendant. | Master File No. 2:23-cv-01480-GMN<br>(Consolidated for pretrial proceedings with Case Nos. 2:23-cv-1481, 2:23-cv1537, 2:23-cv-1549, 2:23-cv-1550, 2:23-cv1577, 2:23-cv-1698, 2:23- cv-1719, 2:23-cv1777, 2:23-cv-1826, 2:23-cv- 1981, 2:23-cv2042, 2:23-cv-2064, 2:24-cv-81, 2:24-cv-00995, 2:24-cv-00999) |

**JOINT MOTION TO APPROVE AMENDMENT TO SETTLEMENT AGREEMENT AND TO MODIFY NOTICE PROGRAM AND MEMORANDUM OF LAW**

Plaintiffs[1] and Defendant respectfully request the Court enter an order approving an amendment to the Settlement Agreement and modifying the requirements for the Notice Program for this proposed class action Settlement.

1. The Amendment to Settlement Agreement, attached as ***Exhibit A***, does not require a modification to the schedule, and only proposes to update the Notice Program to clarify that only Tier 1, 2, and 3 Settlement Class members, for which physical addresses are known, will be sent a Postcard Notice, and to remove the requirement that Postcard Notices be sent to Settlement Class members not in Tiers 1, 2, or 3 for which Email Notices bounce back or are otherwise undeliverable.[2] Case No. 2:20-cv-00376-GMN, ECF No. 243-1, Agreement ¶ 107; ECF No. 244, Preliminary Approval Order, at 26-27.

2. Attached as ***Exhibit B*** is the Declaration of Cameron A. Azari, Esq. Re: Updated Notice Program ("Azari Decl."), in which he opines for the Settlement Administrator that due

---

[1] All capitalized terms used herein shall have the same meanings as those defined in Section II of the Settlement Agreement. ECF No. 243-1.

[2] Tier 1 Settlement Class members are those members of the Settlement Class whose Social Security number or military identification number were included in MGM's records. ECF No. 243-1, ¶ 84. Tier 2 Settlement Class members are those members of the Settlement Class whose passport number or driver's license number were included in MGM's records. ECF No. 243-1, ¶ 85. Tier 3 Settlement Class members are those members whose name, postal address, and date of birth were included in MGM's records. ECF No. 243-1, ¶ 86.

process will still be afforded to the Settlement Class members with the modified Notice Program.[3]

3. The remaining aspects of the Notice Program that have been implemented, consisting of sending Email Notices to those Settlement Class members with known email addresses, Postcard Notices to those Tier 1, 2, and 3 Settlement Class members for which physical addresses are known, and Publication Notice to notify the remaining Settlement Class members, will satisfy the requirements of providing the "best notice practicable" regarding the Settlement. Fed. R. Civ. P. 23(c)(2)(B). The best notice practicable is that which "is reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). A robust Publication Notice plan was included from the outset for the sole purpose of providing notice to Settlement Class members who may not receive notice by email or postcard. It is widely accepted as a cost-effective and practicable way to reach the Settlement Class.

4. After consulting with the Settlement Administrator and Defendant's Counsel, following the delivery of Class List, and the implementation of the Email Notice, Postcard Notice, and Publication Notice elements of the Notice Program, it came to light that a fair

---

[3] Mr. Azari's attached declaration details how Publication Notice will work via nationally displayed Digital Notices on the *Google Display Network*, *Facebook*, *Instagram*, *Reddit*, and *X(Twitter)*, following which Digital Notices are also targeted (remarketed) to people who click on the Digital Notice. Ex. B at ¶¶ 15-27. The Settlement Administrator anticipates that these efforts will generate approximately 320 million targeted impressions, and when the Settlement Class members click on the Digital Notices, they will be linked to the Settlement Website to obtain detailed Settlement information, including the opt-out and objection rights and procedures and Claim process. *Id.* at ¶ 25. To supplement the Digital Notice efforts, and facilitate locating the Settlement Website, sponsored search listings have been acquired on the three most highly-visited internet search engines: *Google, Yahoo!,* and *Bing*. *Id.* at ¶ 27. All sponsored search listings will link directly to the Settlement Website. *Id.* Finally, to build additional reach and extend exposures, a party-neutral Informational Release (in both English and Spanish) was issued nationwide over PR Newswire to approximately 13,000 general media (print and broadcast) outlets. *Id.* at ¶ 28.

amount of additional Postcard Notices would be required to be sent. Azari Decl. ¶ 3. Given the size of the Settlement Class, incurring the additional and substantial expense to print and send additional Postcard Notices would be counterproductive and result in significant diminishing returns for those participating Settlement Class Members who file Valid Claims. It would unnecessarily decrease the Net Settlement Fund by millions of dollars. Therefore, the Parties agreed to amend the Notice Program in the Settlement Agreement, and request the Court's approval to modify the Notice Program. Importantly, doing so will not impact any of the current deadlines leading up to the Final Approval Hearing, the date of which will remain the same.

5.   Ninth Circuit precedent is clear that "the Due Process Clause does not require actual, individual notice in all cases." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017). "Courts have routinely held that notice by publication in a periodical, on a website, or even at an appropriate physical location is sufficient to satisfy due process." *Id. See also In re Lithium Ion Batteries Antitrust Litig.*, 853 Fed. Appx. 56, 59 (9th Cir. 2021) ("Notice here was not inadequate merely because every class member was not directly mailed or because counsel did not obtain more unnamed class member emails. *See* FRCP 23(c)(2) advisory committee's notes. IPPs appropriately focused on the means most likely to notify class members, including through traditional and technological means and publication."); *Jabbari v. Farmer*, 813 Fed. Appx. 259, 261 (9th Cir. 2020) ("Here, the Notice Plan included advertisements to the general public, messages to millions of current and former customers, messages to potential class members identified by an independent consultant, and social media campaigns. No notice plan is perfect, but perfection is not required."). As noted above, direct notice has been afforded via Email Notice to a substantial portion of the Settlement Class.

6.   Based on the foregoing, the Parties respectfully request entry of an order that approves the modification of the Notice Program. A proposed order is attached as **Exhibit C**.

Dated:   April 1, 2025.                          Respectfully submitted,

*/s/ J. Gerard Stranch IV*
J. Gerard Stranch IV
(Admitted Pro Hac Vice)
**STRANCH, JENNINGS**
**& GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Tel: 615-254-8801
gstranch@stranchlaw.com

James J. Pizzirusso
(Admitted Pro Hac Vice)
**HAUSFELD LLP**
888 16th Street, Ste 300
Washington, DC 20006
Tel: 202-540-7200
jpizzirusso@hausfeld.com

Lynn Toops
(Admitted Pro Hac Vice)
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel: 317-636-6481
ltoops@cohenandmalad.com

Jeff Ostrow
(Admitted Pro Hac Vice)
**KOPELOWITZ OSTROW, P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: 954-525-4100
ostrow@kolawyers.com

Gary Klinger
(Admitted Pro Hac Vice)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: 866.252.0878
*gklinger@milberg.com*

*Class Counsel in Master File No. 2:23-cv-01480-GMN an*


*/s/ Todd L. Bice*
Todd L. Bice, Bar No. 4534
Emily A. Buchwald, Bar No. 13442
PISANELLI BICE PLLC
400 South 7th Street, Suite 300 Las Vegas, Nevada 89101
Tel: 702-214-2100

*/s/ Douglas J. McNamara*
Douglas J. McNamara
(Admitted Pro Hac Vice)
**COHEN MILSTEIN**
**SELLERS & TOLL, PLLC**
1100 New York Ave
5th Floor Washington, DC 20005
Tel.: 202-408-4600
dmcnamara@cohenmilstein.com

E. Michelle Drake
(Admitted Pro Hac Vice)
**BERGER MONTAGUE PC**
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel.: 612-594-5999
emdrake@bm.net

John A. Yanchunis
(Admitted Pro Hac Vice)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: 813-223-5505
jyanchunis@forthepeople.com

David M. Berger
(Admitted Pro Hac Vice)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Tel.: 510-350-9700
dmb@classlawgroup.com

*Class Counsel in Case*
*No.: 2:20-cv-00376-GMN*

TLB@pisanellibice.com
EAB@pisanellibice.com

Angela C. Agrusa
(Admitted Pro Hac Vice)
DLA PIPER LLP (US)
2000 Avenue of the Stars Suite 400
North Tower Los Angeles, CA 90067-4735
Tel: 310.595.3000
angela.agrusa@us.dlapiper.com

*Attorneys for Defendant*
*MGM RESORTS INTERNATIONAL*