# EXHIBIT B

1
2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

3
4
5
6

| | |
|---|---|
| IN RE MGM INTERNATIONAL RESORTS DATA BREACH LITIGAITON<br><br>This Document Relates To: All actions. | Case No.: 2:20-cv-00376-GMN |

7
8

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

9
10
11
12
13

| | |
|---|---|
| TANYA OWENS, et al.<br><br>          Plaintiffs,<br><br>    v.<br><br>MGM RESORTS INTERNATIONAL<br><br>          Defendant. | Master File No. 2:23-cv-01480-GMN (Consolidated for pretrial proceedings with Case Nos. 2:23-cv-1481, 2:23-cv1537, 2:23-cv-1549, 2:23-cv-1550, 2:23-cv1577, 2:23-cv-1698, 2:23- cv-1719, 2:23-cv1777, 2:23-cv-1826, 2:23-cv- 1981, 2:23-cv2042, 2:23-cv-2064, 2:24-cv-81, 2:24-cv-00995, 2:24-cv-00999) |

14
15

**JOINT DECLARATION OF CLASS COUNSEL IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

16
17

We, John Yanchunis, Doug McNamara, E. Michelle Drake, David Berger, J. Gerard Stranch IV, Lynn Toops, James Pizzirusso, Gary Klinger, and Jeff Ostrow, declare as follows:

18
19
20
21
22

1.     We are Class Counsel[1] in the above-captioned Actions. We submit this declaration in support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards. Unless otherwise noted, we have personal knowledge of the facts set forth in this declaration and could and would testify competently to them if called upon to do so.

23

**PROCEDURAL HISTORY**

24
25

2.     The procedural history of the important events and work leading up to the proposed Settlement is detailed in the Motion for Final Approval with citation to the relevant docket entries

26
27

[1] All capitalized terms used herein shall have the same meanings as those defined in Section II of the Settlement Agreement, attached to the Motion for Final Approval as Exhibit A.

28

JOINT DECLARATION OF CLASS COUNSEL IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

from the 2019 Action and 2023 Action. The facts that follow supplement the record in the Actions with factual information relevant to the Motion for Final Approval.

**The 2019 Action**

3.      In or about July 2019, unauthorized individuals accessed Defendant's network and downloaded certain customer data for approximately 37 million MGM guests. Defendant discovered the 2019 Data Incident on or about July 10, 2019. According to Defendant, the unauthorized individuals acquired personally identifiable information including customers' names, postal addresses, telephone numbers, email addresses, dates of birth, and passport numbers. However, for the vast majority of the victims, the exposure was limited to their name, postal address, email address, telephone number, and/or their date of birth.

4.      Defendant began notifying the impacted individuals that their Private Information may have been impacted in the 2019 Data Incident.

5.      As a result, commencing on February 21, 2019, Defendant was named in the first of eight class action lawsuits that were consolidated and for which interim class counsel was appointed.

6.      After the Court's ruling on Defendant's motion to dismiss, the Parties in the 2019 Action engaged in substantial fact discovery, including written discovery, document production, depositions, and discovery motion practice.

7.      The 2019 Plaintiffs' counsel took six depositions (five MGM employees and one of a third-party) and defended seven named-Plaintiff depositions. Following Plaintiffs' counsel's review and coding of over 170,000 of the 2019 Plaintiffs' documents, they produced thousands of responsive documents to the Defendant, while also reviewing and coding over 180,000 documents produced by the Defendant.

**The 2023 Action**

8.      Beginning on September 7, 2023, in a separate cybersecurity incident, unauthorized individuals accessed Defendant's network by impersonating an information technology administrator and gaining access to employees' network access credentials. Once inside the network, the unauthorized individuals locked down Defendant's network and further gained access to approximately 37 million customers' personally identifiable information, including, but not limited

to MGM's customers and guests' names, addresses, telephone numbers, email addresses, dates of birth, driver's license numbers, passport numbers, military identification numbers, and in some cases, Social Security numbers.

9.      Similar to the 2019 Data Incident, the Defendant sent notice to the impacted individuals advising that their Private Information may have been involved in the 2023 Data Incident.

**The 2019 Plaintiffs and 2023 Plaintiffs Agreement to Work Cooperatively for Mediation**

10.      In July 2024, the 2019 Plaintiffs and the 2023 Plaintiffs agreed to participate in a joint mediation with Defendant before an experienced data breach mediator, Bruce Friedman, Esq., with JAMS in Las Vegas on August 5, 2024.

11.      Before mediation, the 2019 Plaintiffs and the 2023 Plaintiffs propounded informal discovery requests to learn as much as possible about the 2019 Data Incident and the 2023 Data Incident. Through the provision of informal discovery, Plaintiffs in both cases were able to evaluate the merits of Defendant's position. The Parties also exchanged detailed mediation briefs outlining their positions with respect to liability, damages, and settlement-related issues. The mediation was canceled for various reasons. Thereafter, the 2019 Plaintiffs and the 2023 Plaintiffs decided to work together and collectively pursue a global settlement of the Actions.

12.      The Parties rescheduled and participated in mediation for October 10, 2024, with Mr. Friedman, in Las Vegas. In advance of the mediation, Plaintiffs propounded additional informal discovery requests regarding the size and scope of the Data Incidents, including, but not limited to, the number of persons potentially impacted, the data elements impacted, and the geographical makeup of the putative classes. After a full day of negotiations, the Parties were unable to reach a settlement. Over the next several weeks, however, the Parties continued to negotiate the contours of a potential global resolution.

13.      The Parties negotiated the terms of the Settlement Agreement over the next couple of months ultimately signing it on January 17, 2025.

## SETTLEMENT

14.      The Settlement provides for a non-reversionary $45,000,000 all cash Settlement Fund. The Defendant fully funded the Escrow Account after Preliminary Approval.

15. The Settlement is the result of good faith, informed, and arm's-length negotiations between experienced class action attorneys familiar with the legal and factual issues at stake. Class Counsel endorse the Settlement as fair, reasonable, and adequate after they thoroughly investigated and analyzed Plaintiffs' claims; fully briefed the motion to dismiss the 2019 Data Incident claims, which the court denied in part and granted in part; engaged in substantial formal and informal discovery for the 2019 Data Incident and informal discovery for the 2023 Data Incident; and consulted with data security experts, enabling them to gain an understanding of the evidence related to central questions in the Actions and preparing them for well-informed settlement negotiations. The Settlement was reached with the assistance of a well-respected and experienced mediator.

16. Class Counsel has fully evaluated the strengths, weaknesses, and equities of the Parties' respective positions and believe the proposed Settlement fairly resolves their respective differences. The Settlement structure is fair and the allocation and distribution plan is reasonable.

17. The amount of the Settlement is well within the range of reasonableness for data breaches of this size and for the type of information at issue. If approved, the Settlement will provide certain, substantial, and immediate relief to the Settlement Class.

18. The Claim Process was structured to ensure that all Settlement Class members had adequate time to review the Settlement terms, compile documents supporting their Claim, and decide whether to submit a Claim and to opt-out of or object to the Settlement. Settlement Class Members may continue to submit Claim Forms online or by mail prior to the June 3, 2025 Claim Form Deadline. Settlement Class Members have the option of requesting an electronic payment or a traditional paper check on the Claim Form. They will also receive Financial Account Monitoring, if elected.

19. All Settlement Class Members are given an equal opportunity to claim Settlement Class Member Benefits. Specifically, each has the option to be reimbursed for documented losses up to $15,000.00, may elect to receive an additional Cash Payment based upon their respective Settlement Class tier, and all may select Financial Account Monitoring. The tiering of additional flat Cash Payments reasonably assigns higher value to the more valuable categories of Private Information exfiltrated in the Data Incidents. All Settlement Class Member Cash Payments may be subject to a *pro rata* increase or decrease, depending on the number of Valid Claims. Thus, the Settlement Class

Member Benefits distribution method will be equitable and effective.

20.    Any funds remaining in the Settlement Fund, including from uncashed checks, following the 180-day check negotiation period shall be distributed to a mutually agreeable *cy pres* recipient to be approved by the Court. The Parties propose the UNLV Cyber Clinic (https://freecyberclinic.org/about) as the recipient. That non-profit organization's mission matches the Action's goals to redress and protect consumer privacy rights by "striving to protect and educate small businesses while building the foundation for tomorrow's cybersecurity professionals" (https://freecyberclinic.org/team).

21.    The Court-approved Notice Program carried out by the Settlement Administrator conforms with the procedural and substantive requirements of due process and Rule 23.

22.    Both Class Counsel and the Class Representatives have adequately represented the Settlement Class. Class Counsel fully investigated and litigated the facts and legal claims before settling the Action. Their substantial efforts are exhibited by the motion practice and extensive discovery that took place in the 2019 Action, and the Parties participated in the exchange of necessary informal discovery related to the 2023 Action.

23.    Their understanding of the Data Incidents, the Defendant's liability, and the scope of damages at issue, before attending a full-day mediation session with an experienced mediator, allowed for arm's length and good faith negotiations, without collusion.

24.    The Class Representatives also have demonstrated their adequacy by (i) having a genuine personal interest in the outcome of the case; (ii) selecting well-qualified Class Counsel; (iii) producing information and documents to Class Counsel to permit investigation and development of the complaints; (iv) being available as needed, including to respond to discovery and in the case of the 2019 Plaintiffs sitting for deposition; (v) monitoring the Actions; and (vi) reviewing the Settlement terms.

25.    Plaintiffs' respective interests are coextensive and do not conflict with the interests of the Settlement Class. Plaintiffs have the same interest in the Settlement relief, and the absent Settlement Class members have no diverging interests.

26.    Although Plaintiffs believe their claims are strong and meritorious and the Settlement

Class would ultimately prevail at trial, continued litigation against Defendant poses significant risks that make any recovery for the Settlement Class uncertain.

27.    Further, the attorneys' fees do not impact the other Settlement terms, as Class Counsel and Defendant negotiated and reached agreement regarding attorneys' fees and costs only after reaching agreement on all other material Settlement terms.

28.    Finally, there are no separate agreements to disclose under Rule 23(e)(3)—all of the Parties' agreements are in the Agreement, as amended.

## CLASS COUNSEL EXPERIENCE AND EXPERTISE

29.    Class Counsel and the others appointed to the 2023 Action's Plaintiffs' Steering Committee are some of the most experienced data breach lawyers in the country. This formidable team of attorneys used their years of experience of handling privacy class actions in federal and state courts throughout the country to litigate the Actions here efficiently and to achieve a favorable resolution in the face of serious risks.

30.    Class Counsel are responsible for shaping much of the data breach jurisprudence that courts rely on today. Their experience in developing the legal framework in this sector was invaluable in navigating through the complicated issues presented in these Actions. They have led some of the most intricate multidistrict litigation privacy cases, and in so doing have worked with nearly every privacy expert, briefed and argued nearly every type of dispositive motion, argued for and obtained class certification, and settled some of the largest breaches in history. Their history of negotiating hundreds of settlements was critical here.

31.    Combining overlapping classes from two separate breaches into a single settlement that fairly and equitably distributes funds based upon sensitivity of impacted data elements required experience and skills that was honed over years.

## THE ATTORNEYS' FEES AND LITIGATION COSTS ARE REASONABLE

32.    A settlement was only possible once the 2019 Plaintiffs and the 2023 Plaintiffs agreed to work cooperatively for the best interest of those impacted in the Data Incidents. As this Court is well aware, the 2019 Action was actively litigated for over five years and the 2023 Action is now entering year three. The 2019 Plaintiffs had to survive a motion to dismiss and engage in considerable

discovery, including the production and review of thousands of pages of documents and the taking and defending of many depositions. It was not until the filing of the 2023 Action, and the threat of litigating the 2023 Action by new counsel at the same time as the 2019 Action, that the Defendant agreed to explore settlement. At that point, Class Counsel for the 2019 Action had already spent thousands of hours of time working on the 2019 Action and incurred hundreds of thousands of dollars in costs with experts preparing for class certification and eventually trial to achieve this Settlement which includes substantial benefits for tens of millions of people.

33.    Through their efforts, Class Counsel was able to obtain a meaningful cash recovery available for the entire Settlement Class—an all-cash fund of $45,000,000 for Settlement Class members to apply for out-of-pocket documented losses up to $15,000 each plus a separate Tiered Cash Payment, the amount of which is based upon the type of data they had impacted in the Data Incidents. Additionally, Settlement Class members may elect to receive one year of Financial Account Monitoring consisting of identity theft protection (with $1,000,000 in insurance) and credit monitoring.

34.    The Settlement, which provides for substantial tangible benefits now (as opposed to years in the future, if at all) would not have happened without the Class Counsel's efforts and is a significant result. Defendant continues to maintain that Settlement Class members data was not exposed in any harmful way, and that for the overwhelming majority of the Settlement Class Members their most sensitive Private Information was not impacted, making the recovery of $45,000,000.00 outstanding. The Settlement is favorable when compared to other data breach settlements involving similar types of data and considering the entirety of the Data Incidents.

35.    Class Counsel, the 2023 Action's Plaintiffs' Steering Committee, and additional Plaintiffs' counsel agreed to represent the Plaintiffs and the Settlement Class on a fully contingent basis, knowing they would have to advance time and out-of-pocket costs with no guarantee of recovery. In doing so, they forwent representing other clients in other cases so they could dedicate their resources to the Actions. The organization of counsel ensured that the work was coordinated to maximize efficiency and minimize duplication of effort.

36.    Class Counsel have not been compensated for their time, nor have they been reimbursed

JOINT DECLARATION OF CLASS COUNSEL IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

for the significant costs they have incurred. Due to the uncertainty of the data breach landscape and the mix of decisions in this Circuit and across the country, there was significant risk of nonpayment.

37.    Before commencing litigation, Class Counsel devoted substantial time to investigating the potential legal claims against Defendant, interviewed potential plaintiffs, and gathered information regarding the Data Incident.

38.    Substantial time and resources were also dedicated to working with experts, engaging in motion practice and in discovery, including the taking and defending of many depositions and the production and review of thousands of pages of documents, and preparing for and attending a successful mediation. Significant time was then devoted to negotiating and drafting that Agreement, the Preliminary Approval process, and to all actions required thereafter pursuant to the Preliminary Approval Order.

39.    Class Counsel has spent substantial time leading up to the filing of this Motion for Final Approval, addressing the Notice Program, Claims process, and preparing this Motion. Time will also be spent preparing for and attending the Final Approval Hearing. Finally, Class Counsel will devote substantial time to Settlement administration should Final Approval be granted to ensure Valid Claims are paid and the Settlement if fully implemented.

40.    As compensation for the skill, commitment, and time they dedicated to litigating these challenging Actions, consistent with the Agreement, the Notices, and recognized class action practice and procedure, Class Counsel now respectfully request an award of attorneys' fees of $13,500,000, which is equal to 30% of the $45,000,000.00 Settlement Fund they obtained for the Settlement Class. The requested attorneys' fee award is within the range of reason under the factors considered in the Ninth Circuit.

41.    Additionally, Class Counsel request $801,631.96 as reimbursement for their litigation costs reasonably and necessarily incurred in representing the Plaintiffs and the Settlement Class in the Actions. As detailed below, the costs are reasonable, customary, and reimbursable.

42.    The Parties negotiated and reached agreement regarding attorneys' fees and costs only after reaching agreement on all other material Settlement terms.

43.    Plaintiffs and the Settlement Class faced serious litigation risks and could have ended

up with nothing if they did not settle at this stage. Maintaining class certification through trial is another overarching risk. But for this Settlement, in addition to certifying and maintaining a class, Plaintiffs would have had time to overcome summary judgment, succeed at trial, and win on appeal to recover. To date, no data breach class action has been tried and so the outcome is even more uncertain.

44.    Considering Defendant has compelling defenses, continuing to pursue the Actions posed a significant risk for Plaintiffs and the Settlement Class. Given the risk Class Counsel took in prosecuting the Actions over several years on a fully contingent basis, and the excellent result achieved, Class Counsel's attorneys' fees request of 30% of the Settlement Fund is reasonable.

45.    The Notices advised the Settlement Class what amount Class Counsel would be seeking for attorneys' fees and that they would also seek cost reimbursement, and not a single member of the Settlement Class is objecting. Settlement Class member, Jeffrey L. Beckerleg, submitted an objection to the Settlement Administrator, but after consultation with Class Counsel about the Settlement on April 25, 2025, he confirmed the withdrawal of his objection.

46.    As further detailed herein, Class Counsel has a total lodestar in this case of $6,534,208.11, broken down by firm as follows:

| Firm | Lodestar Amount |
|---|---|
| Berger Montague PC | $1,678,250.00 |
| Cohen & Malad, LLP | $287,625.00 |
| Cohen Milstein Sellers & Toll PLLC | $918,253.00 |
| Gibbs Law Group LLP | $1,406,360.50 |
| Hausfeld LLP | $141,700.50 |
| Kopelowitz Ostrow P.A. | $333,213.50 |
| Milberg Coleman Bryson Phillips Grossman PLLC | $180,331.40 |
| Morgan & Morgan | $1,204,899.90 |
| Stranch, Jennings & Garvey, PLLC | $383,574.31 |

47.    Additionally, the 2023 Action's Plaintiffs' Steering Committee Members and additional Plaintiffs' firms have also collectively incurred $968,815.10 for attorneys' fees.

48.    Thus, the total lodestar incurred to date, plus an estimate of 40 hours that will be spent to work to complete the Final Approval process and then spend post-Final Approval to distribute the Settlement benefits, is $7,503,023.21 and the lodestar multiplier is 1.80, which is withing the range approved in the Ninth Circuit. Detailed time records from each firm will be submitted for *in camera*

inspection should the Court so require.

49.    The total costs incurred by Class Counsel are $790,269.55, broken down by firm as follows:

| Firm | Costs |
|---|---|
| Berger Montague PC | $68,332.72 |
| Cohen & Malad, LLP | $3,329.42 |
| Cohen Milstein Sellers & Toll PLLC | $133,561.80 |
| Gibbs Law Group LLP | $40,073.51 |
| Hausfeld LLP | $4,042.05 |
| Kopelowitz Ostrow P.A. | $58,194.35 |
| Milberg Coleman Bryson Phillips Grossman PLLC | $1,010.59 |
| Morgan & Morgan | $455,080.36 |
| Stranch, Jennings & Garvey, PLLC | $26,644.75 |

50.    The 2023 Action's Plaintiffs' Steering Committee Members and additional Plaintiffs' firms also collectively incurred $11,362.41 in costs.

51.    Class Counsel, the 2023 Action's Plaintiffs' Steering Committee Members, and the additional Plaintiffs' firms routinely survey hourly rates charged by lawyers around the country in published surveys and review continuously, as part of our continuing education, opinions rendered by courts on attorneys' fee requests. Based upon our research, our rates are within the range of lawyers with our level of experience practicing in this area of law.

52.    Below is a recitation of each Class Counsel, 2023 Action Plaintiffs' Steering Committee firms', and the additional Plaintiffs' firms' lodestar and reimbursable costs information.

**Berger Montague PC's Lodestar and Costs**

53.    Berger Montague PC has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

54.    The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| Drake, Michelle E. | Executive Shareholder | 24 | 140.80 | $1,180.00 | $166,144.00 |
| Savett, Sherrie | Executive Shareholder | 52 | 1.00 | $1,525.00 | $1,525.00 |
| Davis, Joshua | Shareholder | 28 | 2.30 | $1,360.00 | $3,128.00 |

| Dell'Angelo, Michael | Executive Shareholder | 27 | 15.10 | $1,325.00 | $20,007.50 |
|---|---|---|---|---|---|
| Lambiras, Jon | Of Counsel | 22 | 702.10 | $875.00 | $614,337.50 |
| Hashmall, Joseph | Senior Counsel | 16 | 4.60 | $795.00 | $3,657.00 |
| Aviles, Natisha | Counsel | 15 | 232.30 | $710.00 | $164,933.00 |
| Albanese, John | Shareholder | 13 | 1.20 | $895.00 | $1,074.00 |
| Vaughan, Zachary | Senior Counsel | 13 | 0.40 | $765.00 | $306.00 |
| DeSanto, Mark | Senior Counsel | 12 | 708.70 | $760.00 | $538,612.00 |
| Gibboney, Kyla | Associate | 11 | 0.50 | $750.00 | $375.00 |
| Rios, Sophia | Shareholder | 10 | 35.90 | $820.00 | $29,438.00 |
| Streater, Reginald | Associate | 6 | 64.30 | $545.00 | $35,043.50 |
| Kiener, Ariana | Associate | 4 | 29.40 | $640.00 | $18,816.00 |
| Brinn, Hope | Associate | 4 | 0.20 | $640.00 | $128.00 |
| Raths, Katherine | Associate | 3 | 7.90 | $625.00 | $4,937.50 |
| Summers, Matthew | Associate | 2 | 0.80 | $660.00 | $528.00 |
| Hibray, Jean | Paralegal | N/A | 45.80 | $500.00 | $22,900.00 |
| Filbert, David | Paralegal | N/A | 0.20 | $470.00 | $94.00 |
| Gebo, Rachel | Legal Project Team Manager | N/A | 5.30 | $460.00 | $2,438.00 |
| Brandy, Max | Paralegal | N/A | 64.50 | $450.00 | $29,025.00 |
| Amland, Megan | Legal Project Analyst | N/A | 34.50 | $340.00 | $11,730.00 |
| Dang, Michelle | Legal Project Analyst | N/A | 3.90 | $340.00 | $1,326.00 |
| Simon, Connie | Legal Assistant | N/A | 0.50 | $305.00 | $152.50 |
| Magnus, Eleanor | Legal Assistant | N/A | 0.10 | $305.00 | $30.50 |
| Gionnette, Julie | Legal Assistant | N/A | 24.80 | $305.00 | $7,564.00 |
| **Total** | | | **2,127.10** | | **$1,678,250.00** |

55.    Indeed, Berger Montague PC's hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

56.    The total hours billed by the attorneys and support staff at Berger Montague PC for this case are 2,127.10 hours.  Applying the above hourly rates, the total lodestar is $1,678,250.00.

57.    Additionally, Berger Montague PC's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| **Cost Category** | **Amount** |
|---|---|
| Filing Fees | $294.91 |
| Travel and Accommodations | $984.42 |

11

| | |
|---|---:|
| Research | $4,700.33 |
| Docusign | $114.08 |
| Litigation Support | $37,098.86 |
| Postage/Overnight Courier | $87.24 |
| Photocopies | $10.25 |
| Telephone | $42.63 |
| Deposition Costs | $5,714.95 |
| Experts | $3,533.79 |
| Document Management | $12,348.36 |
| Mediation | $3,402.91 |
| **Total** | **$68,332.72** |

### Cohen & Malad, LLP's Lodestar and Costs

58.    Cohen & Malad, LLP has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

59.    The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| Toops, Lynn | Equity Partner | 19 | 157.70 | $1,250 | $197,125.00 |
| Thomas, Amina | Partner | 9 | 44.90 | $700 | $31,430.00 |
| Herrin, Emily | Associate | 5 | 23.40 | $550 | $12,870.00 |
| Pitchford, Jack | Paralegal | N/A | 38.10 | $300 | $11,430.00 |
| Miller, Vess | Partner | 19 | 36.60 | $950 | $34,770.00 |
| **Total** | | | **300.70** | | **$287,625.00** |

60.    Indeed, Cohen & Malad, LLP's hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

61.    The total hours billed by the attorneys and support staff at Cohen & Malad, LLP for this case are 300.70 hours.  Applying the above hourly rates, the total lodestar is $287,625.00.

62.    Additionally, Cohen & Malad, LLP's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---:|
| Filing Fees | $30.10 |
| Travel and Accommodations | $3,299.32 |
| **Total** | **$3,329.42** |

JOINT DECLARATION OF CLASS COUNSEL IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

**Cohen Milstein Sellers & Toll PLLC's Lodestar and Costs**

63.    Cohen Milstein Sellers & Toll PLLC has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

64.    The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| McNamara, Douglas, J. | Partner | 30 | 379.10 | $1,190 | $451,129.00 |
| Johnson, Brian | Associate | 13 | 17.80 | $650 | $11,570.00 |
| Puttieva, Karina | Associate | 8 | 340.20 | $675 | $229,635.00 |
| Stephan, Paul | Associate | 7 | 10.20 | $525 | $5,355.00 |
| Torchiana, Claire | Associate | 6 | 222.50 | $680 | $151,300.00 |
| Andreopoulos, Spero | Contract Attorney | | 27.00 | $265 | $7,155.00 |
| DeVeaux, Paul | Contract Attorney | | 32.00 | $300 | $9,600.00 |
| Horowitz, Jennifer E. | Paralegal | N/A | 2.60 | $350 | $910.00 |
| Lam, Kaitlyn | Paralegal | N/A | 2.00 | $395 | $790.00 |
| McCubbin, Erin | Paralegal | N/A | 55.40 | $395 | $21,883.00 |
| Rienhardt, Segundo | Paralegal | N/A | 1.00 | $380 | $380.00 |
| Shea, Caitlin | Paralegal | N/A | 73.80 | $350 | $25,830.00 |
| Valdez, Max | Paralegal | N/A | 1.50 | $395 | $592.50 |
| Miller, Blake | Staff Atty | 16 | 3.10 | $685 | $2,123.50 |
| **Total** | | | **1,168.20** | | **$918,253.00** |

65.    Indeed, Cohen Milstein Sellers & Toll PLLC's hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

66.    The total hours billed by the attorneys and support staff at Cohen Milstein Sellers & Toll PLLC for this case are 1,168.20 hours.  Applying the above hourly rates, the total lodestar is $918,253.00.

67.    Additionally, Cohen Milstein Sellers & Toll PLLC's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---|
| Travel and Accommodations | $1,937.61 |
| Filing Fees | $1,093.14 |
| Deposition Costs | $23,628.40 |

| | |
|---|---|
| Mediation | $3,097.09 |
| Research | $550.33 |
| Postage/Overnight Courier | $109.06 |
| Expert Costs | $68,803.54 |
| Document Management | $34,342.64 |
| **Total** | **$133,561.80** |

### Gibbs Law Group LLP's Lodestar and Costs

68.    Gibbs Law Group LLP has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

69.    The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| David Berger | Partner | 17 | 375.90 | $925 | $347,707.50 |
| Eric Gibbs | Partner | 30 | 4.10 | $1,150 | $4,715.00 |
| Amanda Karl | Partner | 11 | 2.80 | $800 | $2,240.00 |
| Linda Lam | Partner | 11 | 168.80 | $800 | $135,040.00 |
| Dave Stein | Partner | 17 | 0.70 | $925 | $647.50 |
| Aaron Blumenthal | Counsel | 9 | 6.40 | $700 | $4,480.00 |
| Parker Hutchinson | Counsel | 15 | 33.90 | $765 | $25,933.50 |
| Shawn Judge | Counsel | 27 | 60.60 | $1,000 | $60,600.00 |
| Emily Beale | Associate | 5 | 0.40 | $530 | $212.00 |
| Sofi Cullen | Associate | 2 | 72.70 | $405 | $29,443.50 |
| Jane Farrell | Associate | 4 | 5.30 | $530 | $2,809.00 |
| Julia Gonzalez | Associate | 4 | 211.80 | $490 | $103,782.00 |
| Sadie Hillier | Associate | 4 | 22.50 | $530 | $11,925.00 |
| Andrew Homan | Contract Attorney | 11 | 64.50 | $300 | $19,350 |
| Jeff Kosbie | Associate | 10 | 603.30 | $690 | $416,277.00 |
| Megan Richard | Contract Attorney | 7 | 100.20 | $260 | $26,052 |
| Nikul Shah | Associate | 7 | 2.10 | $415 | $871.50 |
| Jennifer Sun | Associate | 1 | 313.10 | $470 | $147,157.00 |
| Zeke Wald | Associate | 4 | 31.30 | $530 | $16,589.00 |
| Tayler Walters | Associate | 4 | 66.30 | $530 | $35,139.00 |
| Sunayana Rane | Law Clerk | N/A | 0.40 | $290 | $116.00 |
| Catherine Conroy | Legal Apprentice | N/A | 0.70 | $290 | $203.00 |
| Emma Atuire | Summer Associate | N/A | 29.50 | $250 | $7,375.00 |

JOINT DECLARATION OF CLASS COUNSEL IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

| | | | | | |
|---|---|---|---|---|---|
| Dina Girmay | Summer Associate | N/A | 1.50 | $275 | $412.50 |
| Josephina Nimarko | Summer Associate | N/A | 2.80 | $275 | $770.00 |
| Edwin Rhodes | Legal Technology Manager | N/A | 0.20 | $340 | $68.00 |
| Adam Aronovsky | Litigation Assistant | N/A | 5.40 | $250 | $1,350.00 |
| Honeyleen Bohol | Litigation Assistant | N/A | 1.50 | $250 | $375.00 |
| Jason Gibbs | Litigation Assistant | N/A | 3.70 | $315 | $1,165.50 |
| Lindsey Kincaid | Litigation Assistant | N/A | 0.30 | $250 | $75.00 |
| Walter Murcia | Litigation Assistant | N/A | 3.50 | $280 | $980.00 |
| Dana Nguyen | Litigation Assistant | N/A | 6.80 | $250 | $1,700.00 |
| Nerine Ortiz Pon | Litigation Assistant | N/A | 1.70 | $250 | $425.00 |
| Alex Veith | Litigation Assistant | N/A | 1.50 | $250 | $375.00 |
| **Total** | | | **2,206.20** | | **$1,406,360.50** |

70.    Indeed, Gibbs Law Group LLP's hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

71.    Class Counsel will submit detailed time records for each attorney should the Court so require.

72.    The total hours billed by the attorneys and support staff at Gibbs Law Group LLP for this case are 2,206.20 hours.  Applying the above hourly rates, the total lodestar is $1,406,360.50.

73.    Additionally, Gibbs Law Group LLP's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---|
| Photocopies | $275.00 |
| Filing Fees | $1,026.95 |
| Litigation Support | $22,686.48 |
| Document Management | $5,776.00 |
| Non-Travel Meals | $108.05 |
| Postage/Overnight Courier | $77.45 |
| Research | $5,472.43 |
| Travel and Accomodations | $4,651.15 |
| **Total** | **$40,073.51** |

**Hausfeld LLP's Lodestar and Costs**

74.    Hausfeld LLP has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

75.    The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|--------|----------|---------------------|------------|-------------|-------|
| Pizzirusso, Jamie J. | Partner | 24 | 106.90 | $1,025 | $109,572.50 |
| Boltax, Mandy | Associate | 3 | 6.90 | $520 | $3,588.00 |
| Crooks, Ashley | Counsel | 10 | 2.50 | $750 | $1,875.00 |
| Mitchell, James | Paralegal | N/A | 1.50 | $370 | $555.00 |
| Nathan, Steven | Of Counsel | 38 | 21.20 | $900 | $19,080.00 |
| Rodriguez, Ramon | Paralegal | N/A | 19.00 | $370 | $7,030.00 |
| **Total** | | | **158.00** | | **$141,700.50** |

76.    Indeed, Hausfeld LLP's hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

77.    The total hours billed by the attorneys and support staff at Hausfeld LLP for this case are 158.00 hours.  Applying the above hourly rates, the total lodestar is $141,700.50.

78.    Additionally, Hausfeld LLP's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---------------|--------|
| Filing Fees, Court Fees | $422.50 |
| Research | $52.50 |
| Travel and Accommodations | $3,567.05 |
| **Total** | **$4,042.05** |

**Kopelowitz Ostrow P.A.'s Lodestar and Costs**

79.    Kopelowitz Ostrow P.A. has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

80.    The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| Jeff Ostrow | Partner | 28 | 215.40 | $1,100 | $236,940.00 |
| Jonathan M. Streisfeld | Partner | 28 | 50.00 | $1,100 | $55,000.00 |
| Kenneth J. Grunfeld | Partner | 26 | 2.40 | $1,025 | $2,460.00 |
| Kristen L. Cardoso | Partner | 18 | 14.60 | $950 | $13,870.00 |
| Steven P. Sukert | Partner | 5 | 19.90 | $815 | $16,218.50 |
| Daniel E. Tropin | Partner | 13 | 4.50 | $550 | $2,475.00 |
| Todd M. Becker | Paralegal | N/A | 25.00 | $250 | $6,250.00 |
| **Total** | | | **331.80** | | **$333,213.50** |

81.    Indeed, Kopelowitz Ostrow P.A.'s hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

82.    The total hours billed by the attorneys and support staff at Kopelowitz Ostrow P.A. for this case are 331.80 hours. Applying the above hourly rates, the total lodestar is $333,213.50.

83.    Additionally, Kopelowitz Ostrow P.A. 's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---|
| Mediation | $6,694.35 |
| Experts | $50,000.00 |
| Travel and Accommodations | $1,500.00 |
| **Total** | **$58,194.35** |

**Milberg Coleman Bryson Phillips Grossman PLLC's Lodestar and Costs**

84.    Milberg Coleman Bryson Phillips Grossman PLLC has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

85.    The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| Gary Klinger | Partner | 15 | 101.00 | $948 | $95,748.00 |
| David Lietz | Partner | 34 | 25.50 | $1,141 | $29,095.50 |
| John Nelson | Partner | 15 | 63.80 | $839 | $53,528.20 |
| Glen Abramson | Partner | 29 | .70 | $1,141 | $798.70 |
| Sandra Passanisi | Paralegal | N/A | 1.80 | $258 | $464.40 |
| Heather Sheflin | Paralegal | N/A | 2.70 | $258 | $696.60 |
| **Total** | | | **195.50** | | **$180,331.40** |

86. Indeed, Milberg Coleman Bryson Phillips Grossman PLLC's hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

87. The total hours billed by the attorneys and support staff at Milberg Coleman Bryson Phillips Grossman PLLC for this case are 195.50 hours. Applying the above hourly rates, the total lodestar is $180,331.40.

88. Additionally, Milberg Coleman Bryson Phillips Grossman PLLC's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---|
| Filing Fees | $250.00 |
| Travel and Accommodations | $760.59 |
| **Total** | **$1,010.59** |

### Morgan & Morgan's Lodestar and Costs

89. Morgan & Morgan has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

90. The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Year of Admission | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| John Yanchunis | Partner | 45 | 161.40 | $1,600 | $258,240.00 |
| Jean Martin | Partner | 27 | 77.60 | $1,150 | $89,240.00 |
| Arnold Ashley | Associate | 31 | 342.40 | $676 | $231,462.40 |
| Scott Davis | Associate | 9 | 304.80 | $468 | $142,646.40 |
| John Baroni | Senior Counsel | 27 | 243.80 | $1,057 | $257,696.60 |
| Justin Galvez | Associate | 10 | 189.80 | $450 | $85,410.00 |
| Patrick Barthle | Associate | 13 | 47.00 | $800 | $37,600.00 |
| Marcio Valladares | Senior Counsel | 32 | 45.20 | $1,000 | $45,200.00 |
| Jeff Prendki | Associate | 21 | 39.50 | $919 | $36,300.50 |
| Ross Berlin | Associate | 6 | 18.00 | $538 | $9,684.00 |
| Ryan McGee | Senior Counsel | 16 | 6.10 | $1,000 | $6,100.00 |
| Francesca Kester | Associate | 8 | 3.50 | $650 | $2,275.00 |
| Riya Sharma | Associate | 2 | 0.50 | $437 | $218.50 |
| Ron Podolny | Senior Counsel | 15 | 0.50 | $878 | $439.00 |
| David Reign | Investigator | N/A | 0.50 | $500 | $250.00 |
| Jennifer Cabezas | Paralegal | N/A | 9.50 | $225 | $2,137.50 |

| Total | | | 1,490.10 | | $1,204,899.90 |

91.    Indeed, Morgan & Morgan's hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

92.    The total hours billed by the attorneys and support staff at Morgan & Morgan for this case are 1,490.10 hours. Applying the above hourly rates, the total lodestar is $1,204,899.90.

93.    Additionally, Morgan & Morgan's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---|
| Filing Fees | $400.00 |
| In-House Printing | $271.40 |
| Research | $133.00 |
| Postage/Shipping | $214.75 |
| Service of Process | $1,240.00 |
| Travel and Accommodations | $25,881.34 |
| Experts | $426,939.87 |
| **Total** | **$455,080.36** |

**Stranch, Jennings & Garvey, PLLC's Lodestar and Costs**

94.    Stranch, Jennings & Garvey, PLLC has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

95.    The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| Stranch, J. Gerard | Partner | 22 | 184.10 | $1,450.00 | $266,945.00 |
| Iadevaia, Michael | Associate | 6 | 6.50 | $819.00 | $5,323.50 |
| Levenson, Suzanne | Paralegal | NA | 2.80 | $375.00 | $1,050.00 |
| Mize, Andrew | Associate | 13 | 12.90 | $787.50 | $10,158.75 |
| Ring, Nate | Partner | 15 | 49.30 | $850.20 | $41,914.86 |
| Smith, Jack | Associate | 7 | 6.70 | $600.00 | $4,020.00 |
| Steele, Jennifer | Paralegal | N/A | 46.90 | $375.00 | $17,587.50 |
| Wade, Michelle | Paralegal | N/A | 1.50 | $375.00 | $562.50 |
| Wells, Grayson | Associate | 5 | 43.80 | $819.00 | $35,872.20 |
| Yusuf, Naqvi | Law Clerk | N/A | 0.40 | $350.00 | $140.00 |
| **Total** | | | **354.90** | | **$383,574.31** |

96.    Indeed, Stranch, Jennings & Garvey, PLLC's hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

97.    The total hours billed by the attorneys and support staff at Stranch, Jennings & Garvey, PLLC for this case are 354.90 hours. Applying the above hourly rates, the total lodestar is $383,574.31.

98.    Additionally, Stranch, Jennings & Garvey, PLLC's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---|
| Filing Fees | $1,633.60 |
| Travel and Accommodations | $2,147.15 |
| Expert Fees | $22,864.00 |
| **Total** | **$26,644.75** |

### DannLaw's Lodestar and Costs

99.    DannLaw has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

100.    The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| Marc Dann | Partner | 38 | 12.10 | $795 | $9,619.50 |
| Andrew Engel | Sr. Counsel | 35 | 3.30 | $795 | $2,623.50 |
| Brian Flick | Partner | 18 | 11.30 | $625 | $7,062.50 |
| George Haines | Partner | 25 | 2.50 | $525 | $1,487.50 |
| Javier Merino | Partner | 11 | .50 | $525 | $287.50 |
| Kimberly White | Paralegal | N/A | 11.70 | $250 | $2,925.00 |
| Marita Ramirez | Associate | 3 | 2.30 | $350 | $805.00 |
| **Total** | | | **43.7** | | **$24,810.50** |

101.    Indeed, DannLaw's hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

102.    The total hours billed by the attorneys and support staff at DannLaw for this case are 43.7 hours. Applying the above hourly rates, the total lodestar is $24,810.50.

103.    Additionally, DannLaw's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---|
| Filing Fees | $447.63 |
| Postage/Shipping | $22.80 |
| **Total** | **$470.43** |

### Wolf Haldenstein Adler Freeman & Herz LLP's Lodestar and Costs

104.  Wolf Haldenstein Adler Freeman & Herz LLP has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

105.  The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| Rachele R. Byrd | Partner | 23 | 17.20 | $925 | $15,910.00 |
| Ferdeza Zekiri | Associate | 4 | .20 | $385 | $77.00 |
| Jasmin Rangel | Paralegal | 9 | 1.00 | $230 | $230 |
| **Total** | | | **18.4** | | **$16,217.00** |

106.  Indeed, Wolf Haldenstein Adler Freeman & Herz LLP's hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

107.  The total hours billed by the attorneys and support staff at Wolf Haldenstein Adler Freeman & Herz LLP for this case are 18.4 hours.  Applying the above hourly rates, the total lodestar is $16,217.00.

108.  Additionally, Wolf Haldenstein Adler Freeman & Herz LLP's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---|
| Filing Fees | $306.75 |
| **Total** | **$306.75** |

### Cotchett, Pitre & McCarthy's Lodestar and Costs

109.  Cotchett, Pitre & McCarthy has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

110.   The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| Thomas E. Loeser | Partner | 26 | 16.20 | $1,100 | $17,820.00 |
| Niall McCarthy | Partner | 33 | 28.80 | $1,250 | $36,000.00 |
| Sarvenaz Fahimi | Partner | 22 | 21.10 | $1,100 | $23,210.00 |
| Kevin Boutin | Sr. Associate | 4 | 30.30 | $900 | $27,270.00 |
| Jeanette Sanchez | Sr. Paralegal | N/A | 31.50 | $400 | $12,600.00 |
| James P. Lamerdin | Paralegal | N/A | 4.30 | $350 | $1,505.00 |
| Maureen St. John | Paralegal | N/A | 43.00 | $350 | $15,050.00 |
| **Total** | | | **175.20** | | **$133,455.00** |

111.   Indeed, Cotchett, Pitre & McCarthy's hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

112.   The total hours billed by the attorneys and support staff at Cotchett, Pitre & McCarthy for this case are 175.29 hours.  Applying the above hourly rates, the total lodestar is $133,455.00.

113.   Additionally, Cotchett, Pitre & McCarthy's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---|
| Filing Fees | $612.63 |
| In-House Printing | $57.60 |
| Research | $654.82 |
| Postage/Shipping | $105.27 |
| **Total** | **$1,430.32** |

### McShane & Brady, LLC's Lodestar and Costs

114.   McShane & Brady, LLC has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

115.   The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| Maureen Brady | Partner | 20 | 23.90 | $950 | $22,705.00 |
| Cassandra Ponce | Paralegal | N/A | 3.70 | $250 | $925.00 |

| Tony Love | Partner | 32 | 4.60 | $650 | $2,990.00 |
| Sharon Zinns | Partner | 20 | 10.20 | $1,150 | $11,730.00 |
| **Total** | | | **42.40** | | **$38,350.00** |

116.  Indeed, McShane & Brady, LLC's hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

117.  The total hours billed by the attorneys and support staff at McShane & Brady, LLC for this case are 42.40 hours.  Applying the above hourly rates, the total lodestar is $38,350.00.

118.  Additionally, McShane & Brady, LLC's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
| --- | --- |
| Filing Fees | $626.30 |
| Maintenance/Technology Fee | $349.08 |
| **Total** | **$975.38** |

### Levin Sedran & Berman, LLP's Lodestar and Costs

119.  Levin Sedran & Berman, LLP has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

120.  The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
| --- | --- | --- | --- | --- | --- |
| Charles E. Schaffer | Partner | 36 | 19.3 | $1,025 | $19,782.50 |
| David Magagna | Associate | 9 | .3 | $550 | $165.00 |
| Nicholas Elia | Associate | 7 | 4.5 | $650 | $2,925.00 |
| Danielle Guardiani | Paralegal | N/A | 14.40 | $450 | $6,480.00 |
| **Total** | | | **38.50** | | **$29,352.50** |

121.  Indeed, Levin Sedran & Berman, LLP's hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

122.  The total hours billed by the attorneys and support staff at Levin Sedran & Berman, LLP for this case are 38.50 hours.  Applying the above hourly rates, the total lodestar is $29,352.50.

123.  Additionally, Levin Sedran & Berman, LLP's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---|
| Filing Fees | $795.00 |
| Research | $77.00 |
| Postage/Shipping | $1.14 |
| **Total** | **$873.14** |

**Carella Byrne Cecchi Brody Agnello, P.C.'s Lodestar and Costs**

124.  Carella Byrne Cecchi Brody Agnello, P.C. has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

125.  The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| James Cecchi | Partner | 24 | 6.30 | $1300 | $8,190.00 |
| Caroline Fabend Bartlett | Partner | 21 | 4.50 | $975 | $4,387.50 |
| Kevin Cooper | Partner | 11 | 44.20 | $725 | $32,045.00 |
| Jordan Steele | Associate | 5 | 25.50 | $600 | $15,300.00 |
| Brian O'Toole | Associate | 2 | 20.00 | $600 | $12,000.00 |
| Lindsey H. Taylor | Partner | 25 | 18.20 | $975 | $17,745.00 |
| Nancy Houser | Paralegal | N/A | 2.00 | $125 | $250.00 |
| Mary Ellen Rago | Paralegal | N/A | .40 | $225 | $90.00 |
| Jeffrey Falduto | Paralegal | N/A | .50 | $225 | $112.50 |
| **Total** | | | **121.60** | | **$90,120.00** |

126.  Indeed, Carella Byrne Cecchi Brody Agnello, P.C.'s hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

127.  The total hours billed by the attorneys and support staff at Carella Byrne Cecchi Brody Agnello, P.C. for this case are 121.60 hours.  Applying the above hourly rates, the total lodestar is $90,120.00.

128.  Additionally, Carella Byrne Cecchi Brody Agnello, P.C. 's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---|
| Filing Fees | $402.00 |
| Research | $47.70 |

24

| Total | $449.70 |
|---|---|

## Lockridge Grindal Nauen PLLP's Lodestar and Costs

129.  Lockridge Grindal Nauen PLLP has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

130.  The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| Karen H. Riebel | Partner | 34 | 186.50 | $1,275 | $237,787.50 |
| Kate M. Baxter-Kauf | Partner | 14 | 1.50 | $1,025 | $1,537.50 |
| Maureen Kane Berg | Senior Counsel | 23 | 32.70 | $975 | $31,882.50 |
| Eura Chang | Associate | 3 | 183.50 | $750 | $137,625.00 |
| Emma Ritter Gordon | Associate | 3 | 3.90 | $750 | $2,925.00 |
| Carey R. Johnson | Paralegal | 19 | 72.00 | $475 | $34,200.00 |
| Amber M. Raak | Paralegal | 12 | 2.30 | $430 | $989.00 |
| Total | | | 482.40 | | $446,946.50 |

131.  Indeed, Lockridge Grindal Nauen PLLP's hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

132.  The total hours billed by the attorneys and support staff at Lockridge Grindal Nauen PLLP for this case are 482.40 hours.  Applying the above hourly rates, the total lodestar is $446,946.50.

133.  Additionally, Lockridge Grindal Nauen PLLP's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---|
| Postage/Overnight Courier | $147.25 |
| Photocopies | $33.45 |
| Research | $2,883.87 |
| Filing Fees | $500.00 |
| Total | $3,564.57 |

## McCulley McCluer PLLC's Lodestar and Costs

134.  McCulley McCluer PLLC has devoted the time and resources of its attorneys and staff

to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

135.   The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| R. Bryant McCulley | Partner | 22 | 3.70 | $870 | $3,219.00 |
| Frank Ulmer | Of Counsel | 22 | 60.90 | $625 | $38,062.50 |
| Brooks Maund | Paralegal | N/A | 1.00 | $150 | $150.00 |
| **Total** | | | **65.60** | | **$41,431.50** |

136.   Indeed, McCulley McCluer PLLC's hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

137.   The total hours billed by the attorneys and support staff at McCulley McCluer PLLC for this case are 65.60 hours.  Applying the above hourly rates, the total lodestar is $41,431.50.

138.   Additionally, McCulley McCluer PLLC's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---|
| Filing Fees | $80.00 |
| Postage/Overnight Courier | $4.80 |
| **Total** | **$84.80** |

### Goldenberg Schneider, LPA's Lodestar and Costs

139.   Goldenberg Schneider, LPA has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

140.   The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| Jeffrey Goldenberg | Partner | 30 | 2.10 | $925 | $1,942.50 |
| Todd Naylor | Partner | 27 | .80 | $875 | $700.00 |
| Stephanie Vaaler | Paralegal | N/A | 3.00 | $250 | $750.00 |
| **Total** | | | **5.90** | | **$3,392.50** |

141.   Indeed, Goldenberg Schneider, LPA's hourly rates have been recently approved by

1  federal courts around the country, including in data breach settlements similar to this one.

2      142.  The total hours billed by the attorneys and support staff at Goldenberg Schneider, LPA

3  for this case are 5.90 hours.  Applying the above hourly rates, the total lodestar is $3,392.50.

4      143.  Additionally, Goldenberg Schneider, LPA's costs in prosecuting this case are set forth

5  below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---|
| Filing Fees | $655.00 |
| Postage/Overnight Courier | $1.26 |
| Photocopies | $86.94 |
| Research | $52.60 |
| Process Service | $99.45 |
| **Total** | **$895.25** |

### Bursor & Fisher, P.A.'s Lodestar and Costs

144.  Bursor & Fisher, P.A. has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

145.  The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| L. Timothy Fisher | Partner | 28 | 6.40 | $1,250 | $8,000.00 |
| Brittany S. Scott | Associate | 6 | .30 | $700 | $210.00 |
| Julian C. Diamond | Associate | 5 | 11.60 | $650 | $7,540.00 |
| Matthew A. Girardi | Associate | 5 | 3.00 | $650 | $1,950.00 |
| Caroline C. Donovan | Associate | 2 | 9.70 | $500 | $4,850.00 |
| Molly C. Sasseen | Senior Litigation Support Specialist | N/A | 3.20 | $400 | $1,280.00 |
| Judy Fontanilla | Senior Litigation Support Specialist | N/A | 1.30 | $400 | $520.00 |
| Jessica A. Kelley | Litigation Support Specialist | N/A | 5.80 | $350 | $2,030.00 |
| **Total** | | | **41.30** | | **$26,829.60** |

146.  Indeed, Bursor & Fisher, P.A.'s hourly rates have been recently approved by federal

JOINT DECLARATION OF CLASS COUNSEL IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

courts around the country, including in data breach settlements similar to this one.

147.   The total hours billed by the attorneys and support staff at Bursor & Fisher, P.A. for this case are 41.30 hours.  Applying the above hourly rates, the total lodestar is $26,829.60.

148.   Additionally, Bursor & Fisher, P.A.'s costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---|
| Filing Fees | $402.00 |
| Research | $47.60 |
| **Total** | **$449.60** |

### Tostrud Law Group, P.C.'s Lodestar and Costs

149.   Tostrud Law Group, P.C. has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

150.   The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| Jon Tostrud | Partner | | 63.90 | $950 | $60,705.00 |
| **Total** | | | **63.90** | | **$60,705.00** |

151.   Indeed, Tostrud Law Group, P.C.'s hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

152.   The total hours billed by the attorneys and support staff at Tostrud Law Group, P.C. for this case are 63.90 hours.  Applying the above hourly rates, the total lodestar is $60,705.00.

153.   Additionally, Tostrud Law Group, P.C.'s costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---|
| Filing Fees | $500.00 |
| Travel and Accomodations | $976.00 |
| **Total** | **$1,476.00** |

### Langeland Law's Lodestar and Costs

154.   Langeland Law has devoted the time and resources of its attorneys and staff to ensure

the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

155.  The current hourly rates for the attorneys and support staff at the firm who worked on this case are as follows:

| Biller | Position | Years of Experience | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|---|
| Erik Langeland | Partner | 30 | 67.30 | $850 | $57,205.00 |
| **Total** | | | **67.30** | | **$57,205.00** |

156.  Indeed, Langeland Law's hourly rates have been recently approved by federal courts around the country, including in data breach settlements similar to this one.

157.  The total hours billed by the attorneys and support staff at Langeland Law for this case are 67.30 hours.  Applying the above hourly rates, the total lodestar is $57,205.00.

158.  Additionally, Langeland Law's costs in prosecuting this case are set forth below. Cost receipts will be submitted to the Court should it likewise so require.

| Cost Category | Amount |
|---|---|
| Filing Fees | $273.42 |
| Travel and Accomodations | $113.05 |
| **Total** | **$386.47** |

## THE SERVICE AWARDS ARE REASONABLE

159.  Class Counsel request Service Awards for the Class Representatives in recognition of their initiating the Actions and serving as Class Representatives on behalf of the Settlement Class. Specifically, Class Counsel request $10,000.00 for those Class Representatives that were deposed by the Defendant (Ryan Bohlim, Duke Hwynn, Larry Lawter, Kerry Shapiro, Gennady Simkin, Robert Taylor, and Victor Wukovits) and $3,500.00 for those who were not (Tonya Owens, Emily Kirwan, David Zussman, David Lackey, Michael Pircio, David Terezo, Ronald G. Rundell, Laura Willis Abrigo, Anita Johnson, Paul Zari, Michael Manson, Kyle Sloan, Michelle Righetti, Edgar Mejia, and DuJun Johnson). The Service Award amounts were negotiated by the Parties after all material terms of the Settlement, and not a single Settlement Class Member has objected.

160.  The Class Representatives were essential in securing relief for the Settlement Class. They undertook personal risk to do so and worked closely with Class Counsel throughout the Action. The Plaintiffs in the 2019 Action were subject to aggressive discovery by the Defendant. They

assisted with responding to written discovery, produced personal information, and sat for deposition. The Plaintiffs in the 2023 Action were not deposed, but they were prepared to do whatever was reasonably necessary for the benefit of the Settlement Class. All Class Representatives were instrumental in Class Counsel's investigation of the Data Incidents, stayed in communication with Class Counsel, and remained involved in the entire process. They each reviewed the Settlement Agreement and agreed to the terms of the Settlement. The Class Representatives commitment to the Settlement Class' interests and desire to hold the Defendant accountable was essential to the successful prosecution of this class action and warrants the reasonable Service Awards requested here.

I declare under penalty of perjury that the foregoing is true and correct as to the conduct of the litigation, and as to fees and expenses incurred by my firm, Morgan & Morgan. Executed on this 2nd day of May, 2025, at St. Petersburg, Florida.

*/s/ John Yanchunis*
John Yanchunis

I declare under penalty of perjury that the foregoing is true and correct as to the conduct of the litigation, and as to fees and expenses incurred by my firm, Cohen Milstein Sellers & Toll, PLLC. Executed on this 2nd day of May, 2025, at Washington, D.C.

*/s/ Doug McNamara*
Doug McNamara

I declare under penalty of perjury that the foregoing is true and correct as to the conduct of the litigation, and as to fees and expenses incurred by my firm, Berger Montague PC. Executed on this 2nd day of May, 2025, at Minneapolis, Minnesota.

*/s/ E. Michelle Drake*
E. Michelle Drake

I declare under penalty of perjury that the foregoing is true and correct as to the conduct of the litigation, and as to fees and expenses incurred by my firm, Gibbs Law Group LLP. Executed on this 2nd day of May, 2025, at Oakland, California.

30

*/s/ David M. Berger*
David M. Berger

I declare under penalty of perjury that the foregoing is true and correct as to the conduct of the litigation, and as to fees and expenses incurred by my firm, Stranch, Jennings & Garvey, PLLC. Executed on this 2nd day of May, 2025, at Nashville, Tennessee.

*/s/ J. Gerard Stranch IV*
J. Gerard Stranch IV

I declare under penalty of perjury that the foregoing is true and correct as to the conduct of the litigation, and as to fees and expenses incurred by my firm, Cohen & Malad, LLP. Executed on this 2nd day of May, 2025, at Indianapolis, Indiana.

*/s/ Lynn Toops*
Lynn Toops

I declare under penalty of perjury that the foregoing is true and correct as to the conduct of the litigation, and as to fees and expenses incurred by my firm, Hausfeld LLP. Executed on this 2nd day of May, 2025, at Washington, D.C.

*/s/ James Pizzirusso*
James Pizzirusso

I declare under penalty of perjury that the foregoing is true and correct as to the conduct of the litigation, and as to fees and expenses incurred by my firm, Milberg Coleman Bryson Phillips Grossman, PLLC. Executed on this 2nd day of May, 2025, at Chicago, Illinois.

*/s/ Gary Klinger*
Gary Klinger

I declare under penalty of perjury that the foregoing is true and correct as to the conduct of the litigation, and as to fees and expenses incurred by my firm, Kopelowitz Ostrow, P.A. Executed on this 2nd day of May, 2025, at Fort Lauderdale, Florida.

*/s/ Jeff Ostrow*
Jeff Ostrow

JOINT DECLARATION OF CLASS COUNSEL IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS