# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE MGM INTERNATIONAL RESORTS DATA BREACH LITIGAITON<br><br>This Document Relates To: All actions. | Case No.: 2:20-cv-00376-GMN |

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| TANYA OWENS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MGM RESORTS INTERNATIONAL<br><br>Defendant. | Master File No. 2:23-cv-01480-GMN (Consolidated for pretrial proceedings with Case Nos. 2:23-cv-1481, 2:23-cv1537, 2:23-cv-1549, 2:23-cv-1550, 2:23-cv1577, 2:23-cv-1698, 2:23- cv-1719, 2:23-cv1777, 2:23-cv-1826, 2:23-cv- 1981, 2:23-cv2042, 2:23-cv-2064, 2:24-cv-81, 2:24-cv-00995, 2:24-cv-00999) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS AND FINAL JUDGMENT**

On January 17, 2025, after extensive arms-length negotiations, and private mediation conducted before Bruce Friedman, Esq., with JAMS in Las Vegas, Plaintiffs and Defendant entered into the Settlement Agreement, which is subject to review under Fed. R. Civ. P. 23, for monetary damages as set forth in the Agreement.

On January 17, 2025, the Plaintiffs filed the Agreement with the Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum of Law. (Case No. 2:20-cv-00376-GMN, ECF No. 243; Case No. 2:23-cv-01480-GMN, ECF No. 62.)

On January 22, 2025, upon consideration of the Agreement, Motion for Preliminary Approval, and the record, the Court entered the Preliminary Approval Order. (Case No. 2:20-cv-00376-GMN, ECF No. 244; Case No. 2:23-cv-01480-GMN, ECF No. 63.) Pursuant to the Preliminary Approval Order, the Court, among other things, (i) provisionally certified the Settlement Class for settlement purposes; (ii) appointed the Plaintiffs as Class Representatives; (iii) appointed John Yanchunis, Doug

1  McNamara, E. Michelle Drake, David Berger, J. Gerard Stranch IV, Lynn Toops, James Pizzirusso,
2  Gary Klinger, and Jeff Ostrow as Class Counsel for the Settlement Class; (iv) approved the form of
3  the Notices and the Notice Program; (v) approved the Claim Form and the Claim process; (vi)
4  appointed Epiq Class Action & Claims Solutions, Inc. as the Settlement Administrator; (vii)
5  established procedures and deadlines for members of the Settlement Class to opt-out of or object to
6  the Settlement; and (viii) scheduled the Final Approval Hearing at which time the Court would
7  consider whether to grant Final Approval of the Settlement and the Application for Attorneys' Fees,
8  Costs and Service Awards. *Id.*

9  On April 1, 2025, the Parties filed their Joint Motion to Approve Amendment to Settlement
10 Agreement and Modify Notice Program (Case No. 2:20-cv-00376-GMN, ECF No. 250; Case No.
11 2:23-cv-01480-GMN, ECF No. 72), which the Court granted (Case No. 2:20-cv-00376-GMN, ECF
12 No. 251; Case No. 2:23-cv-01480-GMN, ECF No. 73).

13 On May 2, 2025, Plaintiffs filed the Motion for Final Approval of Class Action Settlement
14 and Application for Attorneys' Fees, Costs, and Service Awards. (Case No. 2:20-cv-00376-GMN,
15 ECF No. 257; Case No. 2:23-cv-01480-GMN, ECF No. 77.) Pursuant to the Motion for Final
16 Approval, the Parties request Final Approval of the proposed class action Settlement, and awards of
17 attorneys' fees and costs to Class Counsel and Service Awards to the Class Representatives. *Id.*

18 On June 18, 2025, a Final Approval Hearing was held on the Motion for Final Approval and
19 Application for Attorneys' Fees, Costs, and Service Awards. Class Counsel appeared for the Plaintiffs
20 and Settlement Class, and Defendant's Counsel appeared for Defendant.

21 Having received and considered the Settlement, the supporting papers filed by the Parties, and
22 the evidence and argument received by the Court before entering the Preliminary Approval Order and
23 at the Final Approval Hearing, the Court grants Final Approval of the Settlement and the Application
24 for Attorneys' Fees, Costs, and Service Awards, enters this order, and **IT IS HEREBY ORDERED**:

25   1.   **INCORPORATION OF DEFINED TERMS**: This order incorporates the definitions
26 of all capitalized terms defined in Section II of the Settlement Agreement, and all capitalized terms
27 used in this order have the same meanings as set forth in that Agreement.

28   2.   **JURISDICTION**: The Court has subject matter jurisdiction over the Action and

2

PROPOSED ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

personal jurisdiction over the Parties and Settlement Class Members.

3. **NOTICE PROGRAM AND CLAIMS PROCESS**: Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator has complied with the approved Notice Program as confirmed in its declaration filed with the Court. The form and method for notifying the Settlement Class of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the Notice Program was clearly designed to advise the Settlement Class members of their rights. Further, the Court finds that the Claim Process set forth in the Agreement was followed and that the process was the best practicable procedure under the circumstances.

4. **FINAL CLASS CERTIFICATION**: The Court again finds the Actions satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

   a. The Settlement Class members are so numerous that joinder of all of them in the Lawsuit would be impracticable;

   b. There are questions of law and fact common to the Settlement Class members, which predominate over any individual questions;

   c. The claims of Plaintiffs are typical of the claims of the Settlement Class members;

   d. Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all the Settlement Class members; and

   e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication.

5. **CERTIFICATION OF SETTLEMENT CLASS**: The Court finally certifies the following Settlement Class:

   All persons in the United States whose Private Information was accessed during the Data Incidents.

Excluded from the Settlement Class are the judges presiding over the Actions and members of their direct families.

6. **APPOINTMENTS**: Consistent with the Preliminary Approval Order, the Court hereby appoints the following as Class Representatives, Class Counsel, and Settlement Administrator:

    a. Plaintiffs are appointed as Class Representatives.

    b. Plaintiffs' counsel, John Yanchunis, Doug McNamara, E. Michelle Drake, David Berger, J. Gerard Stranch IV, Lynn Toops, James Pizzirusso, Gary Klinger, and Jeff Ostrow, are appointed as Class Counsel;

    c. Epiq Class Action & Claims Solutions, Inc. is appointed as Settlement Administrator.

7. **SETTLEMENT TERMS REASONABLE**: The Court finds that the Settlement of the Actions, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class, applying the Fed. R. Civ. P. 23(e)(2) factors and Ninth Circuit's traditional *Churchill* factors.

8. **FINAL APPROVAL**: The Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed Settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.

9. **OPT-OUTS**: A list of the individuals who have opted-out of the Settlement is attached as ***Exhibit A***. Those individuals will not be bound by the Agreement or the Releases contained therein.

10. **OBJECTIONS**: The Settlement Class Members were given an opportunity to object to the Settlement. No Settlement Class Members filed objections.

11. **SETTLEMENT BINDING**: This Order is binding on all Settlement Class Members, except those individuals who validly and timely opted-out from the Settlement Class.

12. **SERVICE AWARDS; ATTORNEYS' FEES AND COSTS**:

    a. The Class Representatives are awarded reasonable Service Awards, applying the factors in *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015). Plaintiffs Ryan Bohlim, Duke Hwynn, Larry Lawter, Kerri Shapiro, Gennady Simkin, Robert Taylor, and Victor Wukovits in the 2019 Action shall receive $_____ each. Plaintiffs Tonya Owens, Emily Kirwan, David Zussman, David Lackey, Michael Pircio, David Terezo, Ronald G. Rundell, Laura Willis Abrigo, Anita Johnson, Paul

Zaro, Michael Manson, Kyle Sloan, Michelle Righetti, Edgar Mejia, and DuJun Johnson in the 2023 Action shall receive $_____ each. The Service Awards shall be paid out of the Settlement Fund in accordance with the Agreement.

b. Class Counsel are awarded $_____ for attorneys' fees and $_____ for costs. These payments shall be made out of the Settlement Fund in accordance with the Agreement. The Court evaluated settlement Class Counsel's request using a common fund analysis, applying the factors set forth in *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002), and concludes that amount is fair and within the range of reason.

13. **VALID CLAIMS**: Based on the information presented to the Court, the Claim process has proceeded as ordered and consistent with the Agreement and Preliminary Approval Order. The distribution plan for Settlement Class Member Benefits proposed by the Parties in the Agreement is fair, reasonable, and adequate. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

14. **PAYMENT OF SETTLEMENT ADMINISTRATION COSTS**: The Parties are authorized to approve the payment of the Settlement Administration Costs to the Settlement Administrator from the Settlement Fund.

15. **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT**: As of the Effective Date, Plaintiffs and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently barred and enjoined from commencing or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement, against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal. The Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

16. **RESIDUAL FUNDS**: In the event there are funds remaining in the Settlement Fund, including from uncashed checks, within 45 days following the 180-day check negotiation period, the

Court approves the distribution of all remaining funds to UNLV Cyber Clinic (https://freecyberclinic.org/about).

17. **JURISDICTION RETAINED**: The Court hereby retains and reserves jurisdiction over: (1) implementation of this Settlement and any distributions of Settlement Class Member Benefits to the Settlement Class Members; (2) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (3) all Parties, for the purpose of enforcing and administering the Settlement.

18. In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, *nunc pro tunc*. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any proceeding. The Action shall return to its status immediately prior to execution of the Agreement.

19. **ENTRY OF JUDGMENT**: There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Fed. R. Civ. P. 58.

**DATED** this ___ day of _____, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

6

PROPOSED ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

**EXHIBIT A**

**Opt-Out List**

1. Arnold Abraham
2. Lydia Barroso Anderson
3. Patricia A Anglin
4. Zachary L Barbour
5. David Barnes
6. Max Jacob Blumen
7. Michael Boyd
8. Joshua Burns
9. Christina Camerlingo
10. Kevin Clines
11. Archie W Colburn
12. Jessica Taleen Coleman
13. Alfredia Conner
14. Michael Terrance Conway
15. Barbara Dement
16. Kevin Dierker
17. Kimberly Erickson
18. Julio Ferrer
19. Robert K Flowers
20. Trent Folse
21. Lawrence W Freiman
22. Anne Marie Gault
23. Ricardo Gonzalez
24. Richard Hartley
25. Mary Hartley
26. Marilyn Hawranik
27. Taylor Hill
28. Michael Holtgrewe
29. Kyle T Hunter
30. Katherine Johns
31. Darryl Johns
32. Jennifer M Johnson
33. Kevin Jones
34. David Kamsler
35. Jason David Knight
36. Vasily Korovkin
37. Tawn Kreider
38. Steven Kulakowski
39. Robert G Lilburne
40. Michael Lin
41. Chris Linder
42. Kenneth Ludwig
43. Peter Lum
44. Yovinka Fatima Mallo
45. Roland Manalo
46. Louis Wiffe Marshall
47. Ashley Maylevi
48. John Andrew McClary II
49. Patsy J Melatti
50. Anwar E Monroy

51. Kimberly Moon
52. Kerushen Morgan
53. Sharon Moser
54. Tony Moser
55. Karen S Nelson
56. Matthew C North
57. Moon Ho Park
58. Steven R Penn
59. Eddie Jack Pool
60. Kathleen Ann Powell
61. Warren W Prince
62. Jayna Querin
63. Travis Radtke
64. Shoaib Razzaq
65. Jason E Rist
66. David Rosenstiel
67. Al Russ
68. Patrick Russo
69. Irvin Salgado
70. Heath Schweitzer
71. Robert F Severino
72. Rose Severino
73. Grace D Solomon
74. Chad Sthele
75. Nathan Stoll
76. Erick Suarez
77. Annette Szawan
78. Richard Szucs
79. Andrew Tedesco
80. Alan Thierfeldt
81. Matthew Tollefsrud
82. Pat Tran
83. Ellen S Wakefield
84. Shawn N Warnecke
85. Neil D Weiser
86. Shane Whitley
87. Dara Wilson
88. Jacqueline Wilson
89. Tyler Winkelmann
90. Teeresa Wood
91. Kristopher Young
92. Aleksei Zubkov